Matter of Cameron M. (Rhona M.) (2018 NY Slip Op 03835)





Matter of Cameron M. (Rhona M.)


2018 NY Slip Op 03835


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-10603
 (Docket Nos. N-12215-17, N-12216-17, N-12217-17, N-12224-17, N-12225-17, N-12226-17)

[*1]In the Matter of Cameron M. (Anonymous). Suffolk County Department of Social Services, appellant; Rhona M. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Kirsty M. (Anonymous). Suffolk County Department of Social Services, appellant; Rhona M. (Anonymous), et al., respondents. (Proceeding No. 2)
In the Matter of Kurt M. (Anonymous). Suffolk County Department of Social Services, appellant; Rhona M. (Anonymous), et al., respondents. (Proceeding No. 3)


Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for appellant.
Marina M. Martielli, East Quogue, NY, for respondent Rhona M.
Donna England, Centereach, NY, for respondent Edward M.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 4, 2017. The order granted the joint oral application of the mother and the father to direct the petitioner to provide paper copies of discovery material.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the joint oral application of the mother and the father to direct the petitioner to produce paper copies of discovery material is denied.
In these related child protective proceedings, the petitioner, the Suffolk County Department of Social Services (hereinafter DSS), sought to comply with the disclosure provision of Family Court Act § 1038(b) by providing the parties with a compact disc containing discovery material. The mother and the father made a joint oral application to direct DSS to provide paper copies of the discovery material. The Family Court granted the application, and DSS appeals.
Under the particular circumstances of this case, the Family Court improvidently exercised its discretion in directing DSS to produce paper copies of the discovery material. The mother and the father failed to present a sufficient basis to support their application for the production of discovery in paper format (see e.g. 150 Nassau Assoc. LLC v RC Dolner LLC, 96 AD3d 676, 677). Moreover, there is no indication that the discovery material contained on the compact disc was not responsive to discovery demands, or that the format in which the discovery material was provided was defective in any way (see Zegarelli v Hughes, 3 NY3d 64).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court